GOODENOW v. PARKINSON.

1. **Contract**: SETTLEMENT OF CONTROVERSY AS CONSIDERATION. An agreement made in settlement of an existing controversy as to the amount which one party should pay the other is founded upon a good and valid consideration.

*Appeal from Clinton Circuit Court.*

WEDNESDAY, OCTOBER 7. ·

THIS action was commenced to recover a balance due upon a promissory note. The defendant by his answer, set up that the note was only to be a valid instrument between the parties in case the defendant should succeed in collecting an indebtedness from one Barton, due to these parties as partners. And the defendant further claimed that after the note was given there was an agreement made and indorsed in writing on the note, to the effect that, if the debt due from Barton should not be collected, the defendant should not be liable to the plaintiff on the note in suit. A reformation of the indorsement on the note was prayed in the answer, and the cause was tried as an equity action. · The court found that the defendant should pay one-half of what appeared to be due on the note. The defendant appeals, and insists that he should not be required to pay anything. The plaintiff

appeals, and claims that he is entitled to recover all of the note except the payments which are indorsed thereon.

*D. A. Fletcher* and *A. Howat*, for plaintiff.

*Ellis & McCoy*, for defendant.

ROTHROCK, J.—A careful examination of the evidence in the case has led us to the conclusion that the parties obtained in the court below as near a measure of justice as is usually attainable in courts. They were partners for many years in the purchase and sale of live-stock, and in the ownership of lands. They sold stock to one Barton at different times, and he was indebted to them at one time in the sum of about $4,000. He gave his promissory notes for this indebtedness, payable to the defendant. The defendant executed the note in suit to the plaintiff for $2,000. The note was executed on the twenty-first day of May, 1874, and payable May 1, 1875. with ten per cent interest. The defendant claims that the only consideration for the note was the fact that he held Barton's notes payable to himself, for the indebtedness due from Barton. The plaintiff claims that the defendant took the claim against Barton as his own, and executed the note in suit to plaintiff, in pursuance of a contract to buy plaintiff's share of the claim against Barton. Barton became involved and unable to pay, and these parties met in May, 1878, for the purpose of a settlement. There was a disagreement and a controversy between them as to the defendant's liability on this note, and the following indorsement was written thereon: "May 9, 1878. Balance due on this note (957.28) nine hundred and fifty-seven 28-100 dollars. This is payable if the two Barton notes are paid; if not, *Parkin* is to pay half—R. L. to *loose* half." The evidence shows that *Parkin* meant Parkinson and R. L. meant Goodenow.

The defendant insists that this indorsement does not express the agreement of the parties, and that it should be reformed so as to relieve him from all liability on the note except in

the contingency that the Barton notes should be collected. The plaintiff claims that the indorsement correctly recites the agreement between the parties at the time it was made.

We think that upon this question of fact the preponderance of the evidence is with plaintiff. The plaintiff claims that if such was the agreement it was without consideration. We do no agree with him in this proposition.

The fact is apparent, all through the evidence in the case, that the parties differed in matter of fact as to the defendant's measure of liability on the note in suit. This difference became material as soon as it was apparent that Barton was likely to fail in making payment. The indorsement on the note was evidently a compromise between the parties. It was a concession by each party of part of what he claimed of the other, and was made for the purpose of reaching a settlement of their partnership affairs. It is very plain that the consideration was sufficient to support the agreement.

AFFIRMED.